IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ERIK GARZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-51-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner ERIK GARZA. [ECF 3]. For the following reasons, the undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DISMISSED as moot.

I.
BACKGROUND AND ALLEGATIONS

On December 3, 2017, petitioner was charged with the prison disciplinary offense of "use or possession of tobacco products," a Level 2, Code 16.1 violation. [ECF 16-2 at 4]. *See* Case No. 20180089995. Specifically, the offense report alleged petitioner "did use a tobacco product namely, a green leafy substance." [ECF 16-2 at 5]. As additional information the offense report alleged:

> On 12-3-17 at approximately 0815am, while conducting security checks, D109 smelled of smoke. Offender Garza was standing by the toilet and dropped a piece

> of paper in the toilet. There was a homemade lighter in the electrical socket. Offender was disoriented making it clear he was under the influence.

[*Id.*]. During the investigation of the offense, the accusing officer stated his opinion that at the time he observed petitioner flush the item down the toilet, he appeared to be "under the influence of K2." [ECF 16-2 at 5]. On December 12, 2017, petitioner was notified a hearing on the charges would be held January 3, 2018. [ECF 16-2 at 3].

At the disciplinary hearing, it appears the charging officer testified in support of the charges set forth in the offense report, adding that he observed petitioner having "red blood shot eyes" at the time of the alleged offense.[1] [ECF 16-2 at 11]. In rebuttal, it appears petitioner gave a statement at the hearing that he was being accused of something he "was never in possession of." [*Id.*]. After considering the evidence, the disciplinary hearing officer (DHO) found petitioner guilty of the offense of use or possession of a tobacco product and assessed punishment that included the loss of thirty (30) days previously accrued good time.[2] [ECF 16-2 at 3].

Petitioner submitted a Step 1 grievance challenging the disciplinary ruling, asserting therein that there was insufficient evidence to support the finding of guilty. [ECF 16-1 at 3]. The grievance was denied with the following response:

> Major disciplinary case # 20180089995 has been reviewed for due process, procedural and punishment errors and none were noted. You were charged with a 16.1 – Use or possession of tobacco products. There is sufficient evidence to support a guilty verdict. The punishment you received was within the established guidelines of TDCJ. No evidence was found to support overturning or reducing the punishment of this case. The decision will remain as rendered.

[ECF 16-1 at 4]. Although petitioner indicates in the instant habeas application that he filed a Step

---

[1] No audio recording of the disciplinary hearing is available.

[2] Although petitioner's initial punishment included the loss of forty-five (45) days previously accrued good time, the record reflects said punishment was modified to assess the forfeiture of thirty (30) days of good time. To the extent petitioner was assessed additional punishment in the form of loss of privileges, cell restriction, and the reduction in his good time earning classification, such did not impact the fact or duration of his confinement and do not raise a cognizable constitutional claim on federal habeas review. *See Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000).

2 grievance, the records to not reflect that a Step 2 grievance was ever filed.

On March 26, 2018, petitioner filed with this Court the instant habeas application challenging the disciplinary ruling.[3] [ECF 3]. Specifically, petitioner contends his federal constitutional rights were violated with regard to the state prison disciplinary proceeding because:

> There was insufficient evidence to support the guilty finding that he used or possessed a tobacco product because there was no photo of the substance he was alleged to have possessed and the presence of a lighter in the immediate vicinity was not sufficient to prove the charged offense.

At the time he filed his habeas application, petitioner was incarcerated at the Jordan Unit in Gray County, Texas.

## II.
## MOOTNESS OF PETITION

On November 1, 2018, this Court forwarded a copy of a court order to petitioner by United States mail at his address of record. [ECF 19]. On November 28, 2018, the mailing was returned to the Court as undeliverable. [ECF 20]. On August 1, 2019, this Court forwarded a copy of another court order to petitioner by United States mail at his address of record. [ECF 21]. On September 4, 2019, the mailing was returned to the Court as undeliverable with the notation, "Disc." [ECF 22]. On November 12, 2019, this Court again forwarded a copy of a court order to petitioner by United States mail at his address of record. [ECF 24]. On December 3, 2019, the mailing was returned to the Court as undeliverable also with the notation, "Disc." [ECF 25].

Inquiry to the Department of TDCJ-CID reveals petitioner was released to mandatory supervision on October 10, 2018. Petitioner did not advise the Court of his release from prison to

---

[3] At the time he filed this habeas application, petitioner was in respondent's custody pursuant to his February 2, 2017 convictions out of Brazos County, Texas, for the offenses of assault of a family/household member involving impairing breathing/circulation, and unlawful possession of a firearm by a felon, and the resultant 4-year concurrent sentences. *State v. Garza*, Nos. 15-00754-CRF-85, 17-00428-CRF-85. Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings is unnecessary, as petitioner complains solely of the January 3, 2018 disciplinary proceeding.

mandatory supervised release, nor has he provided the Court with a new address where he can be reached.

The only habeas relief available to petitioner in this matter was the restoration of the thirty (30) days previously accrued good time credits forfeited by the disciplinary action. As petitioner has been released and is no longer incarcerated, his request for a return of good time credits is moot. Under Texas Government Code section 498.003(a), "[g]ood conduct time applies only to eligibility for parole or mandatory supervision as provided by Section 508.145 or 508.147 and does not otherwise affect an inmate's term." Therefore, it is the opinion of the undersigned that because of petitioner's release to mandatory supervised release, the issues raised in his writ of habeas corpus are moot under the continuing controversy requirement, and that such petition should be dismissed.

### III.
### MERITS

Even if this Court were to consider petitioner's claims, it appears relief would be denied. Petitioner did not adequately exhaust his administrative remedies as to his claims by filing a Step 2 grievance with the Unit Grievance Investigator.[4] Moreover, petitioner has neither shown good cause for this default, nor presented new evidence of actual innocence of the charged offense to demonstrate a fundamental miscarriage of justice.[5] Consequently, petitioner's claims asserted in the instant habeas application would be procedurally barred. Further, the undersigned finds there

---

[4] A Texas prisoner must exhaust the TDCJ grievance process, the administrative remedy available to challenge a disciplinary ruling, before seeking federal habeas corpus review of prison disciplinary matters. *See Gartrell v. Gaylor*, 981 F.2d 254, 258 n. 3 (5th Cir. 1993).

[5] Unexhausted disciplinary claims are procedurally defaulted absent a showing of cause and prejudice or a fundamental miscarriage of justice. *See Moffatt v. Dir., TDCJ-CID*, 390 F.Supp.2d 560, 563 (E.D. Tex. 2005). To demonstrate a fundamental miscarriage of justice, a petitioner must make a persuasive showing that he is actually innocent of the charges against him by presenting new, reliable evidence showing it is more likely than not that petitioner would not have been found guilty in light of the new evidence. *See Finley v. Johnson*, 243 F.3d 215, 220-21 (5th Cir. 2001).

is "some evidence" in the record to support the DHO's finding of petitioner's guilt, *to wit*: the offense report together with the charging officer's hearing testimony as to his visual and olfactory observations, and the circumstantial evidence of the nearby homemade lighter. *See Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (finding that the offense report, standing alone, meets the "some evidence" standard). Consequently, petitioner's claims would not be successful. Moreover, although not raised as a claim by petitioner, it appears he was provided with all of the procedural due process guarantees mandated by *Wolff v. McDonald*, 418 U.S. 539, 556-70 (1974).

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner ERIK GARZA be DISMISSED as moot.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 10, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the

signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54/DISCIP/FCR/GARZA-51.MOOT-MAND SUP:2